### WUNDERLICH v. BOCA RATON COMMUNITY HOSPITAL, Inc.
No. MLMC 78-3-B.

Circuit Court, Palm Beach County.

October 26, 1978.

James R. Eddy, Pompano Beach, for the claimant.

L. Martin Flanagan, West Palm Beach, for the defendant.

DANIEL T. K. HURLEY Circuit Judge.

A hearing was held in this cause on October 20, 1978 for the purpose of considering the claimant's motion to tax costs. The claimant prevailed in this matter in the sense that the medical mediation panel returned a unanimous finding of actionable negligence.

The general rule regarding the recovery of costs in civil actions is that they must be provided for by statute. Unless costs are specifically provided in special proceedings, they may not be recovered. See 9 Fla.Jur., *Costs,* §5. Without question medical mediation proceedings are unique or special. A review of Florida Statute 768.44, the statute governing these matters, indicates an absence of any provision for the recovery of costs.

An examination of the Rules of Medical Mediation Procedure, Rules 20.010 et seq., also fails to disclose an allowable method for recovery of costs. Some guidance, however, may be gleaned from the Supreme Court's opinion in *Carter v. Sparkman,* 335 So.2d 802, 805 (Fla. 1976), where the court said —

> "We realize that certain items of expense in relation to the mediation attempts will be incurred, but it would naturally follow that such expenses to the extent of reasonableness would become a part of the costs of the judicial proceedings, taxable against the losing party."

In summary, the court concludes that it is without authority, either from statute or rule, to tax costs in favor of the prevailing party in a medical mediation proceeding. This conclusion is drawn with some reluctance for it appears that its future application will result in an uneven and thus unfair advantage. As an example, a successful claimant/plaintiff utilizing the rule set forth in *Carter,* supra, would be entitled to full recovery of those costs expended in the mediation process as well as those costs expended in the common law action. On the other hand, the physician or hospital that successfully defends against a medical liability claim and obtains a verdict of no actionable negligence would seem to be without hope of recovery of those costs expended in the mediation process unless the claimant elects to file a common law action. This would be of minimal concern if it simply dealt with filing fees and other nominal costs, but despite liberal evidentiary rules in these hybrid proceedings, preparation for malpractice actions almost always engenders extraordinarily high costs. This holds true for claimants and defendants alike. Nonetheless, it is beyond the court's ability to engraft a remedy when the statute is barren.

Therefore it is ordered and adjudged that the claimant's motion to tax costs be, and the same is herewith denied.